**In re ETHICS ADVISORY PANEL OPINION.**

**No. 88–336–M.P.**

Supreme Court of Rhode Island.

March 2, 1989.

Alan S. Flink, Geoffrey Barker Davis, John F. Corrigan, Michael R. Goldenberg, Norman G. Ordonker, Stephen J. Carlotti, Judith Colenback Savage, John J. Partridge, Stanley A. Bleecker, Providence, for plaintiff.

Joan C. Bohl, Girard R. Visconti, Providence, for defendant.

OPINION

PER CURIAM.

This matter is before the court on a miscellaneous petition filed by several members of the bar seeking our review of Advisory Opinion No. 88–1 rendered by the Ethics Advisory Panel on April 15, 1988. The court has accepted the miscellaneous petition under our general authority as set forth in G.L.1956 (1985 Reenactment) § 8–1–2. In No. 88–1 the panel considered the wording of a proposed opinion letter to lenders, or other interested third parties, regarding the validity, legality, and enforceability of loan-agreement documents to be executed by the inquiring attorney's client. The panel's response was that to sign a document containing the language submitted would constitute a violation of ethical considerations EC 5–1 and EC 5–2, and Disciplinary Rule 5–105(A).

The petitioning attorneys sought our review because the publication of No. 88–1 raised serious ethical concerns regarding a practice that had become standard and customary, that practice being the routine requesting and rendering of validity and en-

forceability opinion letters on behalf of clients.

We are of the opinion that our adoption of the new Rhode Island Rules of Professional Conduct, effective November 1, 1988, has rendered No. 88–1 moot as the new rules expressly allow attorneys to render third-party opinions.

 The current Rules of Professional Conduct have replaced the former rules specifically referred to in No. 88–1. One of the new rules, Rule 2.3, expressly authorizes the rendering of third-party opinions when the client consents and when the attorney believes that the making of the evaluation is compatible with the other aspects of the lawyer's relationship with the client.

The committee that drafted the new rules patterned them after the Model Code of Professional Responsibility of the American Bar Association (ABA). One of the principal reasons for doing so was to make available to the bar, for precedential considerations, the experience of the ABA and its members and the body of case law that has developed in other jurisdictions when considering ethical matters. Rule 2.3 is one of those instances in which our ethics panel and our bar members can look to the experience of the majority of our sister jurisdictions that have adopted similar rules.

This court must restate what the advisory panel sets forth in each of its opinions, that is, that the Ethics Advisory Panel's advice is only protective in nature. There is no requirement that an inquiring attorney abide by a panel opinion, but if the attorney does abide by it, he or she would be fully protected from any charge of impropriety. The opinions are purely advisory. Consequently it would only be in the rarest of circumstances that this court would respond to a request that we review one of the panel's opinions.

Our response in this situation is prompted to some degree by the importance many members of the bar give to the panel's opinions. The opinion in question appeared to raise serious ethical questions about the actions of many members of the bar who are called upon in their practice to issue and request third-party-opinion letters on behalf of their clients—a matter of practice that has become standard procedure not only in Rhode Island but, as far as we can determine, throughout the country as well.

In the future if an attorney faces a particular problem having to do with the giving of such an opinion, an inquiry may be addressed to the panel, which would be able to respond within the framework of our current rules.